**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:97 CR 88** |
| | ) | |
| **MICHAEL MASON** | ) | |

<u>**OPINION and ORDER**</u>

This matter is before the court on the motions of defendant Michael Mason for a reduction of his sentence pursuant to the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018) (DE ## 850, 871), and pursuant to Amendment 782 of the United States Sentencing Guidelines (DE # 839).

**I.    BACKGROUND**

In 1998, a jury convicted defendant of eight[1] charges, five of which (Counts 1, 4, 5, 6, and 13) related to crack cocaine. (DE ## 284, 285.) Count 1 alleged conspiracy with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine, and carried a statutory penalty of 10 years to life imprisonment, plus a minimum of 5 years of supervised release. (DE # 858.) Counts 4 and 6 alleged distribution of 5 grams or more of crack cocaine, and each count carried a statutory penalty of 5 to 40 years imprisonment, plus a minimum of 4 years of supervised release. (*Id.*) Count 5 alleged possession with intent to distribute 50 grams or more of crack cocaine, and carried a statutory penalty of 10 years to life imprisonment, plus a

---

[1] The jury actually found defendant guilty of one additional charge (Count 10), but the court dismissed this charge post-trial. (DE # 468.)

minimum of 5 years of supervised release. Count 13 alleged use of a minor in drug trafficking, and carried a sentence of twice the maximum term of imprisonment and at least twice the term of supervised release as the drug trafficking offense.

The remainder of the charges did not relate to crack. Count 11 alleged possession of a firearm with a silencer during drug trafficking; this offense carried a mandatory 30-year term of imprisonment consecutive to any other term of imprisonment imposed. Count 12 alleged possession of an illegal firearm and carried a maximum term of imprisonment of 10 years, and a maximum term of supervised release of 3 years. Finally, Count 14 alleged use of a communication device to facilitate the distribution of a controlled substance, and carried a maximum term of imprisonment of 4 years, plus a maximum term of supervised release of 4 years. (DE # 858.)

At sentencing, the court concluded that defendant was responsible for greatly in excess of 150 kilograms of cocaine and more than 1.5 kilograms of crack. (DE # 782 at 1.) Defendant's sentencing range under the United States Sentencing Guidelines was life imprisonment. The court sentenced defendant to life on Counts 1, 5, and 13; 480 months on each of Counts 4 and 6; 120 months on Count 12; and 60 months on Count 14; all to be served concurrently. An additional 30-year consecutive term of imprisonment was imposed for Count 11.

Defendant's prior attempts to reduce his sentence based on Amendments to the Sentencing Guidelines failed. (DE ## 706, 782.) Defendant has moved for a reduction in his sentence pursuant to Amendment 782 (DE # 839); the court now rules on the effects

of that Amendment herein. Both *pro se* and through appointed counsel, defendant has also moved for a reduction of his sentence pursuant to the First Step Act of 2018. (DE # 871.) All motions are fully briefed and ripe for ruling. All filings, exhibits, and letters have been considered.

## II.   DISCUSSION

The First Step Act of 2018 independently authorized a district court to resentence eligible defendants as if the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, S. 1789, 111th Cong. (Aug. 3, 2010), were in effect at the time of the original sentencing. The purpose of the First Step Act was "to address the disparities between sentences for crack and powder cocaine." *United States v. Shaw,* 957 F.3d 734, 735 (7th Cir. 2020).

At the outset, the Government argues that defendant should be ineligible for First Step Act relief with respect to Count 1, which involved both powder and crack cocaine, because the First Step Act is aimed at rectifying unfairness regarding crack cocaine, only. The court acknowledges that the Seventh Circuit Court of Appeals has yet to formally rule on this issue. However, this court joins the "[n]umerous district courts" who have decided that "a defendant's offense is still 'covered' within the meaning of section 404(a) of the First Step Act when the defendant was convicted of a multiple-objective conspiracy." *United States v. Taylor,* No. 04 CR 495-38, 2020 WL 2476529, at *4 (N.D. Ill. May 13, 2020) (collecting cases and adopting "majority" position that defendants may be eligible for relief under First Step Act in cases involving both

crack cocaine and other controlled substances); *United States v. Coates,* No. 04 CR 464-4, 2020 WL 2745974, at *2 (N.D. Ill. May 27, 2020) (adopting majority position). Thus, the court rules that the inclusion of powder cocaine in Count 1 does not affect defendant's *eligibility* for First Step Act relief on that count (though, the inclusion of powder cocaine in Count 1 may affect the degree of relief ultimately appropriate). This issue aside, the parties appear to otherwise agree that defendant is eligible for a reduction in his sentence as to Counts 1, 4, 5, 6, and 13 under *Shaw*, 957 F.3d at 735.

Having concluded that defendant is eligible for First Step Act relief as to Counts 1, 4, 5, 6, and 13, the court now considers whether a reduction in defendant's sentence is appropriate as to those counts. As recommended by *Shaw,* 957 F.3d at 741-42, the court considers defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to defendant's request. The court's prior consideration of the § 3553(a) factors explained at sentencing remains valid.

The court has considered defendant's argument that he has completed numerous courses while incarcerated, including earning his GED, despite facing a life sentence. Commendably, defendant mentors Chicago youths via a letter-writing program. The court also acknowledges that defendant has incurred very few institutional infractions in the two decades since sentencing. The court has further considered the positive statements of family and friends submitted in support of his motions.

However, the court also notes that defendant orchestrated a vast cocaine conspiracy for at least fourteen years. *United States v. Frazier,* 213 F.3d 409, 411 (7th Cir. 2000). Defendant employed a minor in the drug operation, and possessed a firearm silencer. He also obstructed justice by lying under oath. It is also important to acknowledge the value of deterrence, both for defendants and for others, in determining the appropriate punishment in this case.

The court has also thoroughly considered the advisory Sentencing Guidelines range applicable to defendant. When the court applies Amendment 782 (also known as the "Drugs Minus Two" amendment) to defendant's drug charges, his sentencing range remains life. (DE # 858.) This fact is acknowledged by defendant's appointed counsel. (DE # 872.)

Nevertheless, the court must ensure that defendant's term of imprisonment conforms to the effects the Fair Sentencing Act had on the statutory penalties applicable to defendant. Defendant argues that, because the jury did not determine any quantity of crack involved when issuing its verdicts, Counts 1, 4, 5, and 6 should be subject to the most lenient statutory maximum and minimum under 21 U.S.C. § 841(b)(1) (specifically, a 20 year maximum term of imprisonment). Because Count 13 is subject to a maximum term of imprisonment twice that of the underlying drug trafficking offenses, defendant argues, Count 13 should be limited to a 40 year maximum term of imprisonment. However, defendant's argument in this regard is essentially another attempt to advocate for the applicability of *Apprendi v. New Jersey,* 530 U.S. 466, 483 (2000), to his

case. This is the same argument defendant previously raised in a petition under 28 U.S.C. § 2255. (DE # 596). The court will not reconsider this argument now.

Defendant was convicted of Count 1, which alleged conspiracy with intent to distribute two substances: 5 kilograms or more of powder cocaine, and 50 grams or more of crack cocaine. Given the amount of powder cocaine at issue, defendant was, and still is, subject to a term of imprisonment of 10 years to life on Count 1, regardless of any changes applicable to sentences involving crack cocaine. 21 U.S.C. § 841(b)(1)(A). The Guidelines sentence of life is within these bounds. Counts 4 and 6 charged distribution of 5 grams or more of crack cocaine. At the time of sentencing, defendant was subject to a term of imprisonment of 5 to 40 years. 21 U.S.C. § 841(b)(1)(B). Post-Fair Sentencing Act, the statutory minimum and maximum is 0 to 20 years. 21 U.S.C. § 841(b)(1)(C). The Guidelines sentence thus becomes 20 years on these counts. U.S.S.G. § 5G1.1. As for Count 5, the original sentencing boundaries of 10 years to life shifts to 5 to 40 years under the Fair Sentencing Act. His Guidelines sentence thus becomes 40 years on Count 5. *Id.*

The court finds that the aforementioned Guidelines sentences are appropriate in this case. Although the court acknowledges it has the discretion to go even lower than the Guidelines range, it declines to do so for the reasons articulated above. The court finds these terms to be appropriate and reasonable, even in light of the mandatory 30-year consecutive term which must be served on Count 11 for possession of a firearm silencer and which is not affected by the First Step Act. *Dean v. United States,* 137 S. Ct. 1170 (2017) (allowing courts to consider mandatory consecutive sentences under 18

U.S.C. § 924(c) when fashioning a sentence for predicate offenses). The court notes that the term of imprisonment for Count 13 is unchanged. The penalty for this count is "twice the maximum punishment otherwise authorized." 21 U.S.C. § 861. Since defendant's sentence for Count 1 remains life imprisonment, the sentence for Count 13 is also life imprisonment.

In accordance with the Fair Sentencing Act, the court now also modifies defendant's term of supervised release as follows: defendant is sentenced to a 3-year term of supervised release on Counts 4 and 6, and a 4-year term of supervised release on Count 5, all to run concurrently with all other terms of supervised release. 21 U.S.C. § 841(b)(1)(B)&(C).

Finally, the court denies defendant's request to be physically present for a hearing on his First Step Act motion. *United States v. Cooper,* 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding a resentencing hearing on a First Step Act motion, noting that "nothing in § 404 [of the First Step Act] plainly requires the district court to hold any sort of hearing at all").

## III.    CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for a reduction in his sentence pursuant to Sentencing Guidelines Amendment 782 (DE # 839), and **GRANTS, in part, and DENIES, in part**, defendant's motions for resentencing under the First Step Act (DE ## 850, 871) as follows:

- Defendant's term of imprisonment on Counts 4 and 6 is reduced to 240 months, and defendant's term of imprisonment on Count 5 is reduced to 480 months.

These terms are to run concurrently with the unaltered terms of imprisonment for Counts 1, 12, 13, and 14. (The unaltered term of imprisonment for Count 11 shall continue to run consecutively to the terms of imprisonment for Counts 1, 4, 5, 6, 12, 13, and 14.)

• Defendant's terms of supervised release are reduced to 3 years on Counts 4 and 6, and 4 years on Count 5 (to run concurrently with all other terms of supervised release).

**SO ORDERED.**

Date: August 26, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT